IN THE
UNITED STATES MIDDLE DISTRICT COURT
OF LOUISIANA

RECEIVED
FEB 15 2017
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

IN RE EDDIE JARRELL            DOCKET# _____

VS

DARREL VANNOY, WARDEN          FILED _____
                               DEPUTY CLERK OF COURT

---

## HABEAS CORPUS UNDER SECTION 2241
## CONTAINING CLAIM OF ACTUAL INNOCENCE

---

## OR

---

## MISCARRIAGE OF JUSTICE EXCEPTION

---

*Eddie Jarrell*

Eddie Jarrell #128449
Main Prison Oak-3
Louisiana State Penitentiary
Angola, La. 70712

1

IN THE
UNITED STATES MIDDLE DISTRICT COURT
OF LOUISIANA

IN RE EDDIE JARRELL           DOCKET# _____

VS

DARREL VANNOY, WARDEN      FILED _____
                                                           DEPUTY CLERK OF COURT

HABEAS CORPUS UNDER SECTION 2241
CONTAINING CLAIM OF ACTUAL INNOCENCE

NOW INTO COURT comes, petitioner in the above captioned matter, who respectfully presents same, and moves the court to grant for the following reasons to wit:

JURISDICTION

This court has jurisdiction pursuant to Anti-Terrorism and Effective Death Penalty Act (AEDPA) subsection 2241 (See also Schlup v Delo, 513 U.S. 298, 115 S.Ct. 851) (1953). "Because a petitioner makes a claim of actual innocence, accompany by a claim of a constitutional violation he is making a "Gateway claim under Schlup v Delo in order to be entitled to file a second or successive application." McQuggins v Perkins, 133 S.Ct. 1924 (20-13) excusing diligence under Brady/Actual Innocence, and instead, assessing the reliability of the new evidence not submitted at trial. (See Subsection 2241.)

## STANDARD FOR MISCARRIAGE OF JUSTICE

To obtain relief petitioner must show through reliable evidence... not submitted at trial but for constitution error no fact finder would have found him guilty of the crime charged. (Haley v Cockrell, 306 F.3d 257 (5th Cir. 2002).

In the alternative, petitioner would be required to establish by a fair probability that the trier of facts would have entertained a reasonable doubt of his guilt of the crime charged. (see **Kuhlmann** 477 U.S. At 454, 106 S.Ct. 2116) also **In Re Winship**, 397 U.S.358, 908 S.Ct 1068 (1970) Sullivan v Louisiana, 508 U.S. 275, 113 S.Ct. 2097 (1993).

## BRADY/ACTUAL INNOCENCE CLAIM

Petitioner assert the state withheld material exculpatory evidence at trial in violation of his constitutional right to a fair trial and due process under such cases as Brady v Maryland.

## NOTICE OF JUDICIAL MATTERS

Petitioner ask this Honorable Court to take notice of judicial matters under Rule 201(a) of the Federal Rules of Civil Procedure.

## PLEASE NOTE THE FOLLOWING:

Petitioner's claim have not been addressed on the merits at any state court hearing, in fact, petitioner has only received a one word "denial" of his claims on

the entire state level, without any hearing or rebuttal of the matters.

Petitioner puts this court on notice that under §2254 Rule 8, he is entitled to a hearing in Federal Court. Numerous cases have held that the governments answer and affidavits are not conclusive against the movant and if they raise disputed issues of fact, a hearing "must be held" Schibelhut v U.S., 357 F.2d 743; Del Piana v U.S., 362 F. 2d 931; Romero v United States, 327 F.2d 711.

This is especially important in view of the standards set down in Townsent v Sain, 372 U.S. 293, 319).

The appropriate standards is this: Where the facts are in dispute, the federal court in habeas corpus "must" hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court in collateral proceedings. (See Committee note to rule 8, subdivision (a)).

## NOTICE OF JUDICIAL MATTERS

To be sure petitioner is not challenging his conviction, he is challenging his illegal confinement. Here petitioner is challenging the very fact of his physical imprisonment by respondent Darrel Vannoy. See Wilkerson v Dotson, 544 U.S. 74, 82 (2005)

Habeas Corpus is proper when challenging the fact or length of custody." See Connors v Graves 538 F.3f 373 (5th Cir. 2008) "Claim challenging custody

proper on habeas, when not challenging conviction. Consequently because petitioner is not challenging his conviction only his confinement / commitment, Post Conviction is not an available remedy. (see La. C.Cr.P. art 924) Noting that such is available to only those who are seeking to have there conviction and sentence set aside. see <u>Jackson v Johnson</u> 475 F.3d 261, 264 n2 (5th cir 2007) "A prisoner challenging 'the very fact" or duration of his physical imprisonment "must" petition for writ of habeas corpus.

## ARGUMENT

Petitioner asserts he is being illegally incarcerated in violation of the United States Constitution. Petitioner was convicted of La.R.S.14:30.1... (second degree murder) and has been incarcerated for over 30 years . (See exhibit A ) However, petitioner has learned the real perpetrator has come forth, and admitted his guilt to this same charge, petitioner spent over a quarter century in prison for.

The suspect John Meyers plead guilty to killing the victim in petitioner's case, (Keith Daggons), in the Orleans Parish Court, section "I" on February 6, 1990, a year after petitioner was convicted of the same crime. (See exhibit B )

Petitioner has just learned of this information when he wrote the Inmate Records Room at Louisiana State Penitentiary Angola, and was sent the documents enclosed as exhibits. (See exhibit C).

5

Petitioner moves the court to keep in mind, Hurricane Katrina scattered his remaining friends and family, and in the over 30 years he has been incarcerated he has lost contact with most of them. This is a case of conclusive exoneration, Petitioner has shown freestanding actual innocence that would render his imprisonment unconstitutional under Herrera v Collins, and warrant habeas relief, and entitlement of immediate release. Petitioner is not offering eleventh hour testimony, or affidavits by witness vouching fore his innocence such as friends, relations or inmates, or incriminating a conveniently absent suspect. (see Herrera v Collins, 506 US. 390 S. Ct. 853) From the beginning to end this case has been about who committed the crime. Petitioner plead not guilty, and steadfast to that plea thru trial .. and unto this day. Petitioner was not charged or tried for "Principle," conspiracy, accessory, or aiding and abetting in the crime. Petitioner was charged and tried for committing the crime it self. Now that its known that the guilty party has come forward and admitted he in fact committed, and is responsible for the crime, it would be unconstitutional keep petitioner further incarcerated for a crime he is innocent of (See House v Bell 126 S. Ct. 2064, 547 U.S.518 (2007) concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system. (see Schulup v Delo 115 S. Ct.851) That concern is reflected, for example in the

fundamental value determination of our society that, *"It is far worst to convict an innocent man, than to let a guilty man go free."* The fact that John Meyers has plead guilty to the crime establishes petitioner is innocent beyond a reasonable doubt (see Sawyer 505 at __ 112 S. Ct. 2515. Petitioner sets forth he is entitled to release, or in the alternative, at a minimum, a hearing on the matter, to implement the general principle that comity and finality must yield to the imperative of correcting a fundamentally unjust incarceration. (see Murray v Carrier 477 U.S. 478.)

In Giiglio v U.S., the court made it clear that deliberate deception of the court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice. Note: The Supreme Court precedent held: Principle that a state may not knowingly use false evidence including false testimony to obtain a tainted conviction see Giglio v United States, 45 U.S. 150, 1544 petitioner insert that upon discovery and excepting John Meyers guilty plea to the crime petitioner was falsely incarcerated for, the prosecution's constitutional duty was to move the court for petitioner's release. Knowing his confinement now henge on false evidence A.B.A. Standard for Criminal Justice 305(a)...

    Unprofessional for prosecutor to fail to seek withdrawal of false evidence. In our justice system the prosecuting attorney occupies a special position of public

7

servants to be Honorable advocates both for the community on whose behalf they litigate, and for the justice system of which they are an integral part. When prosecutors betray their solemn obligation and abuse the immense power they hold, the fairness of our entire system of justice is called into question and public confidence in it undermined A.B.A. Code of professional Responsibility Disciplinary Rule 7-103(b)

A public prosecutor or other government lawyer in criminal litigation Shall make timely disclosure to counsel for the defendant of the existence of evidence known to the prosecutor or the government lawyer that tends to negate the guilty of the accused, mitigate the degree of the offense or reduce the punishment. See also rule 3.8(d) A.B.A. model Rule of Professional Conduct If the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce that duty should equally arise even no request is made. Whether the now disclosed evidence was the result of negligence or design it is the responsibility of the prosecutor. see Banks v Dretke, 540 U.S.668(2004) "discussing the prosecutors continuing duty to provide discovery.

And in closing petitioner has demonstrated he is actually Innocent of the charge. (see Ortiz v Quaterman 534 F.3d 454 (5th cir 2008) "Actual Innocence is the gateway through any bar for habeas review." (see Also Moore v Quaterman 534

8

F.3d 454 (5th cir. 2008) "Actual Innocence is the gateway through any bar for habeas review." (see Also Moore v Quaterman 504 F.3d 492 (5th cir 2007) (McGowan v Thaler 898569 WL2012 (5th cir 2012)

### CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. Local Rule 32.2.7(c), the undersigned certifies this brief complies with the type volume limitations of F.R.A.P. 32(a)(7).

1. This brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B) because this brief contains words, including the part of the brief exempted by F.R.A.P. 32(a)(7)(B)(iii).

2. This brief with the typeface requirements of F.R.A.P. 32(a)(5) and the type style requirement of F.R.A.P. 32(a)(5) and the type style requirement of F.R.A.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word perfect 6.1 in 12 point Times New Roman type face.

3. The undersign understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in F.R.A.P. 32(a)(7) may result in the court's striking the brief and imposing sanctions against the person signing the brief         E.

*Eddie Jarrell*
Eddie Jarrell #128449

9

## CERTIFICATION

I Eddie Jarrell swear under the penalty of perjury the forgoing is true and correct to the best of my remembrance.

Done this 13 day of February 2017

*Eddie Jarrell*
_____
Eddie Jarrell#128449
Louisiana State Penitentiary
Main Prison Oak-3
Angola, La. 70712

Police Item No   3254-87

Exhibit "A"

| The State of Louisiana | PARISH OF ORLEANS |
|---|---|
| | SS |

Criminal District Court For The Parish Of Orleans

THE GRAND JURORS of the State of Louisiana, duly impaneled and sworn in and for the body of the Parish of Orleans, in the name and by the authority of the said State, upon their oath, PRESENT That one JOHN D. MEYERS, and one EDDIE JARRELL, each, late of the Parish of Orleans on the TWELFTH day of AUGUST in the year of our Lord, one thousand, nine hundred EIGHTY-SEVEN in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans committed second degree murder of one KEITH E. DAGGONS,

0387 0293 0088 2883

contrary to the form of Statute of the State of Louisiana in such cases made and provided and against the peace and dignity of the same.

Clerk's Office 1/21 19 89
A TRUE COPY
_____ Deputy Clerk.
Criminal District Court.
Parish of Orleans

_____
District Attorney for the Parish of Orleans

Police Item No. H-13254-87

NO. 322-698

SECTION _____

STATE OF LOUISIANA
versus
JOHN D. MEYERS ET AL

INDICTMENT FOR

VIO. R. S. 14:30.1

A True Bill

Phyllis M. Wase
Foreman of Grand Jury

New Orleans, Oct. 7, 1987

Returned into open Court and recorded and filed _____ 19 __
............................................... Minute Clerk

Arraigned _____ 19 __
and pleaded _____
............................................... Minute Clerk

---

The accused _____ was sentenced on this _____ day of _____ 19 __
............................................... Minute Clerk

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS OF THE DEFENDANT John D. Meyers AND THAT THEY WERE PLACED THEREON BY SAID DEFENDANT THIS Sixth (6th) DAY OF February, 1990

Eddie Jarrell
SAID DEFENDANT THIS 10th DAY OF November, 1989

Exhibit "B"

One each a 250,000 Bond for John D Meyers and Eddie Jarrell

# DOCKET MASTER
## ORLEANS PARISH CRIMINAL DISTRICT COURT
### CASE NO. 322-698

| DATE | PROCEEDINGS |
|---|---|
| 11/10/89 | The Defendant appeared attended by his counsel Clyde Merritt, esq., and Dwight Doskey, Esq., for sentencing. The Court sentenced the defendant to serve the rest of the natural life at hard labor in the custody of the Department of Corrections wighout benefit of parole, probation, or suspension of sentence. Defense counsel filed a Motion for Appeal. The Court set the return date for the appeal on 1/10/90. The Court granted the motion to withdraw as counsel of record filed by the Defense, and appointed O.I.D.P. to represent the defendant on his appeal. |
| 11/21/89 | Clerk of Court filed certification of Notice to Appellate Courts. |
| 11/27/89 | ADA Edward Cagenlosi set this matter for Trial as to Meyers for 1/9/90. |
| 1/4/90 | ADA, Edward Cangelosi, set this matter for Pre-Trial as to Meyers for 1/8/90. ENTRY OUT OF SEQUENCE: |
| 1/8/90 | This matter was set in error. The trial of the matter is set for 1/9/90. Please place the defendant on the jail list. As to Meyers. |
| 1/9/90 | The defendant appeared attended by his counsel, Robert Oberfel, Esq., for Trial. On Motion by the State, over the objection of Defense Counsel, the trial of the matter was set for 2/6/90. |
| 2/5/90 | The Court on this date issued Instanters to the following: P/O JAMES DUCOS. |
| 1/23/90 | OUT OF SEQUENCE MINUTE ENTRY: Trial transcript filed with the appellate clerk to be forwarded to the Fourth Circuit Court of Appeal. |
| 2/6/90 | The defendant appeared attended by his counsel, Robert Oberfell, esq. Counsel for defense withdrew his former plea of not guilty and entered a plea of guilty as charged to amended bill of indictment to R.S. 14:31. The Court ordered the Guilty Plea recorded; and sentenced the defendant to serve ten (10) years at hard labor in the Custody of the Louisiana Department of Corrections, with credit for time served. Court costs were waived. The defendant was granted a phone call slip. |
| 10/2/90 | Counsel for Defense, Sherry Watters, OIDP, filed Assignment of Errors, and Designation of Record for Appeal. |
| 1/4/91 | Defense Counsel, S. Watters filed Supplemental Assigment of Errors and Designation of Record for Appeal. As to Jarrell. |
| 12/16/91 | Court of Appeal, Fourth Circuit, State of Louisiana filed written motion confirming the Conviction and Sentence affired. Date of 9/26/91. |
| 7/7/92 | Court rendered written judgment. Copy of Judgment filed into the record. Copy of Judgment sent to the Fourth Circuit Court of Appeal. Copy of Judgment sent to the Defendant. |



CLOSED

Exhibit "C"

## FARM MAIL

June 30, 2016

TO: Inmate Records
Administration Building
La. State Penitentiary
Angola, LA 70712

RE: (Request for Documents)

This request is written in reference to the possibility of obtaining the following records that are in your possession:

1. Master Prison Record
2. Time Computation Worksheet
3. Conduct Report
4. Indictment [Front and Back]
5. Sentencing Minutes
6. Commitment Papers
7. District Attorney's Statement of Facts
8. F.B.I. Arrest Records

These requested documents will be used for Legal Matters, Research for PCR Conviction Relief.

Your cooperation is greatly appreciated in this important matter and I thank you kindly in advance for your assistance.

Respectfully Submitted:

_____
Eddie Jarrell #128449
Oak-#3, La. State Prison
Angola, La. 70712

"Recieved back from the Record office" all Above document on 7-12-2016 Date.