UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDDIE JARRELL | CIVIL ACTION |
| VERSUS | NO. 17-6290 |
| DARREL VANNOY, WARDEN | SECTION "E"(2) |

**TRANSFER ORDER**

The petitioner, Eddie Jarrell, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges "the very fact of his imprisonment under the 6th, 14th and 8th Amendments," related to his 1989 conviction for second degree murder in Orleans Parish. Rec. Doc. 9, p. 6. Jarrell asserts that he is actually innocent of the crime for which he was convicted and broadly construed, contends that he was subject of a Brady violation committed by the State because someone else pleaded guilty to the same crime one year after his conviction.

Based on the claims asserted, this petition although captioned under Section 2241 raises claims appropriately brought under 28 U.S.C. § 2254. Claims are to be brought under Section 2254 when a convicted prisoner is challenging the legality of either his underlying state conviction or sentence, whereas Section 2241 applies when a prisoner is instead challenging only the manner in which prison officials are executing his sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Williams v. Cain, No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015). In the instant action, Jarrell is challenging the underlying state conviction and his petition properly falls under Section 2254.

A review of this Court's records reflects that Jarrell through counsel filed a prior petition for issuance of a writ of habeas corpus under Section 2254 which was related to the same conviction. In the first petition, Eddie Jarrell v. Burl Cain, Warden, Civ. Action 98-3653"I"(2), petitioner asserted that the jury instruction on reasonable doubt used at his trial was

unconstitutional. This Court denied and dismissed the petition with prejudice as meritless by Order and Judgment issued June 2, 1999. Civ. Action 98-3653, Rec. Doc. Nos. 8, 9. The United States Fifth Circuit denied his request for a certificate of appealability on December 13, 1999. Civ. Action 98-3653"I"(2), Rec. Doc. No. 12.

The instant petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244. Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

A search of the docket records of the United States Fifth Circuit reflects that petitioner's two motions for leave to file a second or successive Section 2254 petition have been dismissed by the appellate court. See App. No. 16-31202 & 17-30130. Until such time as petitioner has obtained leave from the appellate court, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Anderson's Section 2254 petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

**New Orleans, Louisiana, this 25th day of July, 2017.**

　　　　　　　　　　　　　　　　　_____Susie Morgan_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE