# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31202
c/w No. 17-30608

In re: EDDIE JARRELL,

Movant

**A True Copy**
Certified order issued Oct 24, 2017

*Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

Before DAVIS, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:

    Eddie Jarrell, Louisiana prisoner # 128449, was convicted of the second-degree murder of Keith E. Daggons and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. He now moves for authorization to file a second or successive 28 U.S.C. § 2254 application based on an allegedly newly discovered factual predicate. The evidence he relies on consists of the docket sheet for the underlying offense, which shows that Jarrell's co-defendant, John D. Meyers, pleaded guilty to manslaughter in connection with Daggons's death.

    A prisoner seeking to file a second or successive § 2254 application must apply for leave to do so from this court. 28 U.S.C. § 2244(b)(3)(A). A second or successive § 2254 application that raises new claims must contain either a new factual predicate or "a new rule of constitutional law." § 2244(b)(2)(A), (B). When the applicant relies on a new factual predicate, he must show that the

Case: 16-31202      Document: 00514207324      Page: 2      Date Filed: 10/24/2017
Case 2:17-cv-06290-SM-JCW   Document 12   Filed 10/24/17   Page 2 of 2

No. 16-31202
c/w No. 17-30608

factual predicate "could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B).

Jarrell fails to demonstrate the existence of a new factual predicate for his proposed § 2254 application. Even if Meyers's guilty plea had any bearing on Jarrell's conviction, the docket sheet does not constitute a new factual predicate because it was previously available to Jarrell or his counsel. Additionally, Jarrell does not explain why he could not have discovered the docket sheet previously through the exercise of due diligence. *See* § 2244(b)(2)(B)(i).

Further, this court "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Insofar as Jarrell's motion uses "actual innocence" as a gateway claim to raise his successive claims, even if the court recognized such an actual innocence exception to § 2244(b), he has not presented new evidence showing that it is more likely than not that no reasonable juror would have found him guilty of the charged offense. *See Schlup v. Delo*, 513 U.S. 298, 327-29 (1995); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1935 (2013).

Accordingly, IT IS ORDERED that Jarrell's motion for authorization to file a successive § 2254 application is DENIED.